Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9056 | **DATE** | 9/9/2003 |
| **CASE TITLE** | DAVID DOHM vs. BRENT GILDAY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: This Court grants Defendants' motions to dismiss with prejudice. [4-1, 7-1] This case is hereby terminated. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 1 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 14 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP 10 AM 10:55 | | |
| CG | courtroom deputy's initials | FILED FOR DOCKETING Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID DOHM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02-C-9056 |
| v. ) | Judge Ronald A. Guzman |
| ) | |
| ) | |
| BRENT GILDAY, ) | |
| NAV-AIDS, LTD., a foreign corporation, ) | |
| BARFIELD, INC., a Florida corporation, and ) | |
| SOGERMA SERVICES, a foreign corporation ) | |
| ) | |
| Defendants. | |

SEP 1 1 2003

## MEMORANDUM OPINION AND ORDER

This diversity action involves the re-filing of an original complaint alleging defamation of Plaintiff David Dohm ("Dohm") which was dismissed with prejudice for lack of prosecution. Defendants Brent Gilday, Nav-Aids, Ltd., Barfield, Inc., and Sogerma Services (collectively "Defendants") now move to dismiss the complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). For the reasons set forth in this Memorandum Opinion and Order, Defendants' motion to dismiss is granted.

## FACTS

This case arises out of an alleged defamation brought by Dohm. The case was originally filed on April 29, 2002 and assigned case number 02C-2997. Status hearings were scheduled on June 18, July 10, and August 12, 2002. Neither Dohm nor his attorney Henry Becker ("Becker") attended any of the status hearings, and as a result the case was dismissed August 12, 2002 for lack of prosecution. Dohm claims that he and his attorney

never received notices of the hearings sent by the court clerk because the notices were addressed to Becker's prior firm address. It is undisputed that Becker completed an appearance form containing his correct address when he filed the lawsuit as required by Local Rule 83.16, but never completed a notification of change of address form with the court. The notices were mailed to Becker's previous firm and on September 4, 2002 the firm forwarded these notices to Becker at his correct address. Dohm then filed a new complaint, identical to the original complaint, on December 13, 2002. The case was assigned number 02C-9056. Defendants' motion to dismiss is fully briefed and ripe for ruling.

## DISCUSSION

When ruling on a Rule 12(b)(6) motion to dismiss, courts must construe the complaint in the light most favorable to the plaintiff. *Caldwell v. City of Elwood*, 959 F.2d 670, 671 (7th Cir. 1992). In keeping with this end, the facts pleaded in the complaint are taken as true. *Harris v. Brock*, 835 F.2d 1190, 1192 (7th Cir. 1987). Therefore, courts must consider "whether relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).

### A.  Dismissal of the Original Complaint

Dohm's original complaint, filed August 12, 2002, was properly dismissed for lack of prosecution because Defendants were never served and neither Dohm nor Becker appeared in court for any of three status hearings. Such a dismissal is a necessary tool to ensure "orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Local Rule 41.1 states that "an order of dismissal for want of

prosecution...may be entered if counsel fails to respond to a call of the case set by order of the court." In addition, Federal Rule 41(b) requires that dismissal for lack of prosecution is with prejudice. Rule 41(b) states that unless the court's dismissal order for failure of the plaintiff to prosecute states otherwise, the dismissal "operates as an adjudication upon the merits." Dismissal for lack of prosecution is a harsh sanction, which is used "only in extreme situations, when there is a clear record of delay or contumacious conduct." *Williams v. Chicago Bd. Of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). The record of delay in this case is clear. Dohm never served the Defendants, thrice failed to appear in court for status hearings, and waited over three months to re-file the case after learning of the dismissal. Therefore the case was properly dismissed with prejudice for failure to prosecute.

Furthermore, Dohm's re-filing of an identical complaint is barred by res judicata. Therefore Dohm's sole remedy is relief from the dismissal order pursuant to Rule 60(b). *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1020 (7th Cir.2000)(district court has the discretion to vacate a judgment for excusable neglect). Rule 60(b)(1) states in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect..." Fed. R. Civ. P. 60(b)(1). In this case Dohm has not sought Rule 60(b)(1) relief, but rather improperly re-filed an identical complaint barred by res judicata.

**B.     Rule 60(b) Relief**

Even if Dohm had properly sought Rule 60(b)(1) relief from the dismissal, the reasons for failing to prosecute his case do not constitute excusable neglect. The court

has broad discretion to rule on Rule 60(b) motions, which should be granted only in exceptional circumstances. *See Lee v. Vill. of River Forest*, 936 F.2d 976, 979 (7th Cir. 1991). The court considers the danger of prejudice to the non-moving party, the impact on judicial proceedings, the reason for the movant's shortcomings, whether the movant has acted in good faith, and whether the problems were within the movant's control. *See United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998)(citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395-98 (1993)). In this case Dohm asserts that his inability to prosecute his case is due to Becker's failure to receive notice of the status hearings because they were misaddressed by the court clerk. However, Becker's failure to register his correct address with the clerk of the court, via a change of address notification form, and his neglect in adequately prosecuting and monitoring his case persuades the court to grant the Defendant's motion.

First, Becker never served the Defendants with the original complaint. Second, Becker did nothing to prosecute his claims against the Defendants between the filing of the complaint on April 29, 2002 and its dismissal on August 12, 2002. Third, Becker and Dohm failed to appear in court at any of the three status hearings. It is undisputed that notices were sent to counsel at an incorrect address, but this doesn't change counsel's obligation to follow the case. *See Williams v. Hatcher*, 890 F.2d 993, 995-96 (7th Cir. 1989); *Snyder v. Barry Realty, Inc.*, No. 96-C-1041, 2002 U.S. Dist. LEXIS 14657, at *2 (N.D. Ill. Aug. 8, 2002). Finally, after Becker received the forwarded notices of the hearings and dismissal on September 4, 2002, he waited over three months until filing the new complaint on December 13, 2002. Becker's monitoring of this case is inexcusable, and therefore does not permit Rule 60(b) relief.

## CONCLUSION

For the foregoing reasons, this Court grants the Defendants' motion to dismiss with prejudice. This case is hereby terminated. This is a final and appealable order.

SO ORDERED  ENTERED: September 9, 2003

HON. RONALD A. GUZMAN
United States Judge