Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9056 | **DATE** | 6/25/2004 |
| **CASE TITLE** | DAVID DOHM vs. BRENT GILDAY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants Brent Gilday and Nav-Aids, Ltd.'s Motion for Rule 11 Sanctions [doc. no. 16-1] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of Defendants and against attorney Henry K. Becker in the amount of $3,437.20 for Rule 11 sanctions.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 29 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 2004 JUN 25 PM 4:00 U.S. DISTRICT COURT | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID DOHM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02 C 9056 |
| | ) | |
| BRENT GILDAY, NAV-AIDS, LTD., | ) | Judge Ronald A. Guzmán |
| BARFIELD, INC., and SOGERMA | ) | |
| SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

DOCKETED
JUN 2 9 2004

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Brent Gilday and Nav-Aids, Ltd.'s Motion for Sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 11. For the reasons that follow, Defendants' motion is granted in part and denied in part.

## BACKGROUND

On April 29, 2002, Plaintiff filed a complaint alleging defamation against the movants and two co-defendants, Barfield, Inc. and Sogerma Services. Plaintiff never served any of the four defendants in the case and failed to appear at any status hearing. On August 12, 2002, after Plaintiff had failed to appear at the third scheduled status hearing, this Court dismissed the case for want of prosecution. On December 13, 2002, Plaintiff filed the identical complaint again. He identified the earlier case on the civil cover sheet, and the second suit was assigned to this Court in accordance with Local Rule 40.3(b)(2).

22

Barfield and Sogerma Services subsequently filed a motion to dismiss, with which Gilday and Nav-Aids joined, arguing that the second suit was barred by the dismissal of the first suit under the doctrine of *res judicata*. Plaintiff's counsel responded that his failure to appear at the status hearings was inadvertent and resulted from the minute orders issued in the case being sent to an old firm address. The orders were eventually forwarded to him on September 4, 2002.

On September 9, 2003, the Court granted Defendants' motion to dismiss on the basis of *res judicata*. The Court further noted that even if Plaintiff had sought relief from judgment under Rule 60(b)(1), Plaintiff's failure to prosecute the case did not amount to excusable neglect. More than twenty-one days after serving Plaintiff's attorney, as required by Rule 11(c)(1)(A), Defendants Gilday and Nav-Aids filed the present motion for sanctions under Rule 11 against Plaintiff and his attorney.

## DISCUSSION

Rule 11 provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, . . . an attorney . . . is certifying that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed. R. Civ. P. 11(b)(2).

Rule 11 thus obligates attorneys to perform reasonable research into the basis of legal claims before filing suit. Whether the amount of research "is 'reasonable' depends on whether the issue is central, the stakes of the case, and related matters that influence whether further investigation is

2

worth the costs." *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 918, 932 (7th Cir. 1989) (*en banc*). The Court may impose sanctions for a violation of Rule 11 upon a proper motion and after notice and a reasonable opportunity to respond.[1] Fed. R. Civ. P. 11(c); *see Mars Steel*, 880 F.2d at 935 ("[The] question is not whether a court 'shall' impose a sanction when it finds a violation; it must; . . . .").

Defendants argue that Plaintiff and his attorney violated Rule 11 by filing the second lawsuit in spite of well settled law establishing that the suit was barred by *res judicata*. Plaintiff's counsel responds that (1) his failure to understand the *res judicata* effect of the dismissal was inadvertent and not in bad faith; and (2) after learning of the *res judicata* issue in Defendants' motion to dismiss the second suit, he believed the effect of the first judgment could be excused because of the alleged mailing mishaps.

Plaintiff's counsel admits he did not research the effect of the dismissal at all before filing the second suit. Indeed, Plaintiff's counsel "did not even contemplate" that the dismissal was on the merits until he received Defendants' motion to dismiss. (Pl.'s Resp. Mot Rule 11 Sanctions at 2.) Plaintiff's attorney's failure to do any research is wholly unreasonable because the legal effect of the first dismissal was central to Plaintiff's claim, *res judicata* is not an esoteric issue of law, and it would not have required substantial research to discern the effect of the dismissal. A bare reading of Rule 41(b) of the Federal Rules of Civil Procedure reveals that "[u]nless the court in its order for dismissal otherwise specifies," an involuntary dismissal for failure to prosecute "operates as an adjudication on the merits." Nothing in the August 12, 2002 dismissal order remotely suggests that it was without prejudice.

---

[1] Plaintiff does not argue that the motion or notice was insufficient in this case.

The Court believes Plaintiff's counsel claim that he did not file the second suit in bad faith, but that is immaterial. The standard under Rule 11(b)(2) is an objective one – "a paper filed in the best of faith, by a lawyer convinced of the justice of his client's cause, is sanctionable if counsel neglected to make 'reasonable inquiry' beforehand." *Mars Steel*, 880 F.2d at 932; *see also Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986) ("An empty head but a pure heart is no defense. The Rule requires counsel to read and consider before litigating.").

The argument that Plaintiff's counsel reasonably believed the effect of the dismissal could be avoided is similarly unpersuasive. First, he admits he did not form this belief until *after* he filed the second complaint, when he read the motion to dismiss. *See Thornton*, 787 F.2d at 1154 ("The point . . . is that every lawyer must do the necessary work to find the law *before* filing the brief. It is not acceptable to make an assertion of law and hope that it will turn out to be true.") (emphasis in original). Second, even if the attorney later believed there was a basis for setting aside the dismissal, he should have then withdrawn the Complaint and filed a motion for relief from judgment under Rule 60(b) instead of forging ahead with the second suit. A cursory review of the federal rules would have shown that the second suit had no legal basis unless and until the plaintiff was relieved from the judgment in the first case. *See Mars Steel*, 880 F.2d at 938 ("Litigants 'may not pretend that the law favors their view and impose on the court or their adversaries the burden of research to uncover the basic rule.'") (quoting *In re Cent. Ice Cream Co.*, 836 F.2d 1068, 1073 (7th Cir. 1987)). As this Court's September 9, 2003 opinion determined, a motion under Rule 60(b) ultimately would have been fruitless, but at least it would have had some basis in law and therefore would not have been sanctionable.

4

Having determined that sanctions are warranted under Rule 11, we turn to the issue of what sanction is appropriate in this case. Defendants seek a total of $11,134.03 in fees and costs associated with the defense of both the first and second lawsuits.[2] Sanctions under Rule 11 should be "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). While "Rule 11 is not a fee-shifting statute," *Mars Steel*, 880 F.2d at 932, the rule expressly contemplates an award of "reasonable attorneys' fees" if imposed on motion in appropriate cases. Fed. R. Civ. P. 11(c)(2); *see Thornton*, 787 F.2d at 1154 ("Counsel who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under the Rule.").

First, Plaintiff's attorney is correct that monetary sanctions may not be imposed against Plaintiff for violations of Rule 11(b)(2). "Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2)." Fed. R. Civ. P. 11(c)(2)(A); *see also Kilimanjaro Int'l Communications Group, Inc. v. Network Publ'ns, Inc.* No. 98 C 3930, 1999 WL 262149, at *1 (N.D. Ill. Apr. 29, 1999) ("Monetary sanctions [for conduct violating Rule 11(b)(2)] will only be imposed on the attorney."). Therefore, the motion is denied to the extent it seeks sanctions against Plaintiff personally.

Second, Plaintiff's attorney argues that the fees for which Defendants seek reimbursement are excessive in light of the fact that these two defendants merely joined in the motion to dismiss filed by their co-defendants, who are not parties to the Rule 11 motion, and because they include fees incurred in filing the present motion. The Court agrees in part. An award of attorneys' fees and

---

[2] In their reply brief, Defendants seek an order prohibiting the refiling of this lawsuit, in addition to monetary sanctions. The Court finds that Plaintiff and his attorney are sufficiently deterred from repeating the sanctionable conduct in the absence of such an order.

costs pursuant to Rule 11 must only include those fees and costs "incurred as a direct result of the violation." Fed. R. Civ. P. 11(c)(2). In this case, the filing of the second suit is the basis for the sanction. There has been no finding that the first lawsuit was frivolous or had no legal basis. Thus, Defendants' request for $5,739.36 in fees and costs associated with the defense of the first suit must be denied.

Defendants submit costs and fees in the amount of $5,394.67 for its defense of the second suit, which includes $4,714.17 already billed to Defendants at the time the motion for sanctions was filed, plus another $680.50 in fees and costs incurred but not yet billed.[3] The $4,714.17 in fees and costs already billed is enumerated in three invoices dated May 22, 2003, June 17, 2003, and July 18, 2003. (Defs.' Mot. Rule 11 Sanctions, Ex. E.) The May 22 invoice lists a total of fees and costs of $3,827.74; the June 17 invoice totals $478.68; and the July 18 invoice totals $407.75.

Defendants represent that the $4,714.17 amount does not include any fees and costs incurred in filing the present motion for sanctions.[4] (Defs.' Mot. Rule 11 Sanctions, Ex. E, Johnson Aff. ¶ 3.) However, a review of the entries listed on the May 22 invoice reveals that 5.75[5] out of 15.20 total

---

[3] Defendants attach to their reply an invoice reflecting a total of $1,483.56 of additional costs and fees incurred. (*See* Reply Supp. Mot. Rule 11 Sanctions, Ex. B.) It is not clear whether this amount includes or is over and above the $680.50 figure, but it does not matter for the Court's analysis. If the $680.50 in fees is not included in any invoice submitted to the Court, it will not be considered. If that amount is included in the final invoice attached to the reply, it reflects work performed on the motion for sanctions, which will not be awarded, as discussed below. *See infra* note 4.

[4] Although Defendants do not expressly seek the fees and expenses incurred in presenting the motion for sanctions, the Court may award such fees to the prevailing party "[i]f warranted." Fed. R. Civ. P. 11(c)(1)(A). The Court finds that such an award is not necessary to deter repetition of the conduct in this case.

[5] One two-hour entry for April 24, 2003 states: "[i]nteroffice conferences regarding status and regarding motions to dismiss and for sanctions . . ." (Mot. Sanctions Ex. E, May 22,

6

hours billed relates to the Rule 11 motion. Attorney "MLJ" billed 1.9 hours at a rate of $285.00 per hour, and attorney "MMJ" billed 3.85 hours at a rate of $165.00 per hour.[6] Therefore, the invoice includes $1,176.75 worth of work on the Rule 11 motion. Subtracting this figure from $4,714.17 leaves $3,537.42. The total costs listed on the May 22 invoice are $263.74. Reducing the costs by $100.22 (38% of the total, which is the approximate percentage of billable hours attributable to the Rule 11 motion) leaves a total of fees and costs associated with the defense of the second suit of $3,437.20.

The Court finds that the total of $3,437.20 in fees and costs is reasonable in this case, even though Defendants were able to dispose of the case by joining in on their co-defendants' motion to dismiss. Contrary to Plaintiff's attorney's argument, the decision whether or not to join a motion necessarily requires some research and analysis of the sufficiency of the particular motion to be joined, even where the attorneys agree with the basis of the motion. Furthermore, according to the invoices, Defendants' attorneys performed some research and analysis of the substance of Plaintiff's claims, which was reasonable given the possibility that this Court could have denied the motion to dismiss. The Court therefore finds that the time reportedly spent in defending the second suit is not excessive.

Finally, Plaintiff's counsel argues that even a reduced award will impose a hardship on him as a sole practitioner. "When imposing sanctions, a court should take ability to pay into account.

---

2003 Invoice at 2.) Another one-hour entry states: "[a]ttend court hearing; interoffice conference regarding sanctions." (*Id.*) In the absence of evidence to the contrary, the Court finds that one half of the time spent in each entry was related to work performed on the Rule 11 motion.

[6] Defendants did not provide the billable hour rate for each attorney. The Court determined attorney MLJ's rate from the June and July invoices, for which he was the only billing attorney, and extrapolated MMJ's rate from that calculation.

. . . And the least severe sanction that is adequate to serve the purpose of the rule should be imposed." *Anderson v. Co. of Montgomery*, 111 F.3d 494, 502 (7th Cir. 1997) (citation omitted). However, "[t]he burden is on the sanctioned party . . . to show he cannot pay a reasonable sanction." *Id.* Counsel has submitted nothing in support of his conclusory argument that the sanction will be a hardship. He has therefore failed to meet his burden of showing that he cannot pay the sanction in this case. *Cf. Kilimanjaro*, 1999 WL 262149 at *2. Accordingly, the reasonable sanction of $3,437.20 will be awarded in favor of Defendants and against Plaintiff's attorney alone.

## CONCLUSION

For the foregoing reasons, Defendants Brent Gilday and Nav-Aids, Ltd.'s Motion for Rule 11 Sanctions [doc. no. 16-1] is granted in part and denied in part. The Clerk of the Court is directed to enter judgment in favor of Defendants and against attorney Henry K. Becker in the amount of $3,437.20 for Rule 11 sanctions.

SO ORDERED.   ENTERED: 6/25/04

HON. RONALD A. GUZMAN
United States Judge